FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 MAY -5 AM 9:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TERESA LONG, formerly known as Teresa L. Pack, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 98-JEO-2659-S ) |
| EDWARDS CHEVROLET CO., INC., and GENERAL MOTORS ACCEPTANCE CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

ENTERED
MAY 5 2000

### MEMORANDUM OPINION

Plaintiff Teresa Long ("plaintiff") commenced this action in the Circuit Court of Jefferson County, Alabama, on September 3, 1998, alleging fraud and suppression in connection with her lease of a 1995 Chevrolet Prizm from Edwards Chevrolet ("Edwards"). Plaintiff seeks to represent a putative state-wide class of individuals who leased automobiles from Edwards and General Motors Acceptance Corporation ("GMAC"). She alleges that the defendants charged "undisclosed and otherwise illegal acquisition fees, administrative fees or similar fees or markups" and that the defendants also charged her "unreasonably high or otherwise illegal 'late charges' pursuant to the lease." (Doc. 1, Ex. A. (complaint), p. 1).[1] The case was jointly removed to this court on October 19, 1998. (Doc. 1).[2]

Edwards filed a motion to compel arbitration and to stay the proceedings pending

---

[1] References herein to "Doc. ___" are to the pleading number assigned each document in the file, as designated by the Clerk of the Court, located in the lower right hand corner of each document.

[2] A "Supplement to the Notice of Removal" and a "Clarification to Supplement to Notice of Removal" were filed by GMAC as well. (Doc. 6 & 7).



arbitration (doc. 2) on October 19, 1998. GMAC also filed a motion to compel arbitration (doc. 12) on November 10, 1998. Edwards also filed a motion to stay the requirements imposed on the parties under *Fed. R. Civ. P.* 26(f) (doc. 17) on December 2, 1998, premised on the motions to compel arbitration. Plaintiff notified the court in a letter on January 28, 1999,

> that proof of unenforceability of an arbitration agreement may require an individualized, fact-specific inquiry for every class member as to the unconscionability of the arbitration clause. Because the Plaintiffs may be unable to establish the unenforceability of the arbitration agreement for the entire class, the Plaintiffs will not attempt to make the showing for the named representative.
>
> Consequently, the Plaintiffs withdraw their request for discovery on the issue of unconscionability. The Plaintiffs instead, in accordance with Rule 23 of the Federal Rules of Civil Procedure, request permission of the Court to publish the advertisement attached hereto for the purpose of finding a substitute class representative not subject to arbitration. The current representative, Teresa Long, did **not** have an arbitration agreement in her original lease, but instead signed an arbitration agreement as part of the subsequent purchase agreement when she purchased the car. Thus, the Plaintiffs request that the Court temporarily stay proceedings with respect to Ms. Long to allow the Plaintiffs to find a suitable representative.

(Doc. 28, pp. 1-2; Doc. 22, Ex. 1, pp. 1-2)(emphasis in original). The proposed advertisement provides:

**ATTENTION**

If you have leased a vehicle from
**Ford Motor Credit, Mazda American Credit,
Jaguar Credit or GMAC,**
you may be part of a possible class seeking
compensation for unauthorized late charges.

Please contact Mark Fisher at 1-800-928-1279
at Rawlings & Associates for more information.

**No representation is made that the quality of the legal services to be performed is greater than the quality of legal services performed by other lawyers.**

(*Id.*, p. 3) (emphasis in original). The court will treat the letter as a motion to advertise for a new class representative.

Edwards filed a motion to strike the class allegations, to compel arbitration, and to dismiss the case. (Doc. 22). The motion was premised on the January 28, 1999 letter of plaintiff's counsel. GMAC joined in the motion to strike, to compel, and to dismiss the case. GMAC also joins in the opposition to the request to allow counsel to advertise for a new class representative. (Doc. 23). The motions were set for a hearing on August 4, 1999.

### MOTIONS TO COMPEL ARBITRATION

Before the court are the motions to compel arbitration and to stay the proceedings filed by Edwards (doc. 2) and GMAC (doc. 12). The plaintiff filed a response in opposition to the motions, requesting that the plaintiff's pending motion to remand (doc. 11) be addressed before the motions to compel and further requesting, if the motion to remand is not granted, to conduct discovery on the issues of the unconscionability and unenforceability of the agreement. (Doc. 14). On January 7, 1999, counsel for the plaintiff informed the court that the plaintiff was withdrawing the motion to remand. Accordingly, the motion was deemed withdrawn by the court. (Doc. 21). On January 28, 1999, the plaintiff withdrew the request to conduct discovery on the issue of unconscionability. At the hearing on the motions, including to compel arbitration, counsel for the plaintiff did not present any arguments that would preclude the application of the arbitration provisions.

The court finds that the defendants' motions to compel arbitration are due to be granted. The plaintiff asserts fraud and suppression claims in connection with the lease of a Chevrolet Prizm from Edwards. However, when her lease ended, she purchased the car and executed the

required sales documents. Included in the sale documents were a Bill of Sale and a Buyer's Order. Both documents contain provisions requiring the plaintiff to arbitrate any and all disputes between herself and Edwards. (Doc. 2, Ex. A). Under the installment sales contract and the security agreement, also executed by the plaintiff, GMAC, as the assignee, is entitled to enforcement of the arbitration provisions. *See Nissan Motor Acceptance Corp. v. Ross*, 703 So. 2d 324, 326 (Ala. 1997)("A valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses."). The transaction underlying this matter is clearly a matter involving interstate commerce and is subject to the provisions of the Federal Truth in Lending Act (15 U.S.C. §§ 1601, *et seq*.). Accordingly, the defendants' motions to compel arbitration (doc. 2 & 12) are due to be granted and any further proceedings in this matter stayed; Edwards' motion to suspend Rule 26 requirements (doc. 17) is moot; and, Edwards' motion to strike the class allegations, to compel arbitration, and to dismiss (doc. 22) is also moot to the extent it seeks to compel arbitration.[3]

### MOTION FOR PERMISSION TO ADVERTISE
### FOR A NEW CLASS REPRESENTATIVE

The plaintiff further seeks permission of this court to advertise for a new class representative to be substituted in this matter. (Doc. 28). This request is premised on the determination of counsel for the plaintiff that they may not be able "to establish the unenforceability of the arbitration agreement for the entire class" or the named plaintiff and the need to find a substitute plaintiff who would not be subject to arbitration. (*Id.*, p. 1). In support

---

[3] It is evident to the court, premised on the comments of counsel at the hearing, that the plaintiff most likely will not pursue arbitration, which is the only avenue available to her. However, that is a decision she must make upon further reflection. This action will be stayed until counsel informs the court in writing of the plaintiff's decision.

of this request, counsel asserts that this court has the authority to permit the substitution to avoid prejudice to the class. Counsel cites various authorities in support of the position. The request is opposed by counsel for the defendants. They instead request that this action be dismissed. (Doc. 22, 23 & 29).

This court understands that plaintiff's counsel's reasoning for requesting permission to contact putative class representatives through advertisement is to prevent prejudice to the class. Additionally, this court agrees that under appropriate circumstances, it has the authority to permit substitution (*see* Herbert Newberg, et al., 1 Newberg on Class Actions, §§ 2-25, 2-26 (3rd ed. 1992) and Manual for Complex Litigation, § 30.15 (3rd ed. 1995) and to authorize communications prior to class certification (*see In re Ivan Boesky Securities Litigation*, 120 F.R.D. 626 (S.D.N.Y. 1988) and *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1004 (11th Cir. 1997)("An order authorizing class communications prior to class certification is likely to be an abuse of discretion when (1) the communication authorized by the order is widespread and clearly injurious and (2) a certification decision is not imminent or it is unlikely that a class will in fact be certified.").

In determining whether to permit an advertisement for a new representative, the court should consider how far along the proceedings are, the opportunity counsel have had to find a suitable representative absent advertisement, and the potential harm to putative class members if the advertisement is not authorized. Upon consideration of all the facts and circumstances, the court finds that they do not warrant this court authorizing the requested advertisement. First, the defendants expeditiously raised the arbitration issue as to the named plaintiff, placing her and her counsel on notice that she most likely would not be an appropriate class representative. There

5

has been no indication to the court that a significant amount of time or money has been expended on discovery into the class allegations in this matter. To the contrary, it is evident the parties correctly have held discovery in abeyance pending resolution of the pending motions. Further, class certification in this matter is not imminent.[4] Second, during the pendency of this matter, nothing has prevented counsel from learning of putative class members through the preliminary investigation of the present claim. This is not to be interpreted as a suggestion by the court that counsel should be out soliciting plaintiffs. However, in conducting an inquiry into the plaintiff's claim, the court is convinced that counsel has not been inhibited in identifying another representative.[5] Additionally, nothing has prevented putative class members from filing individual suits on similar grounds if they so desired. Third, although a failure to authorize the proposed advertisement may result in the loss of certain claims by certain claimants, that alone does not warrant the publication of the proposed advertisement in this case.

For the foregoing reasons, the motion of counsel for the plaintiff to advertise for a new representative for the putative class (doc. 28) is due to be denied. Edwards' motion to strike the class allegations, to compel arbitration, and to dismiss (doc. 22) is moot to the extent it seeks to strike the class allegations and to dismiss this action. GMAC's motion to join in the opposition to the request to advertise (doc. 23) is also moot.

## CONCLUSION

An order consistent with the determinations announced herein will be entered

---

[4] In noting this fact, the court is not faulting plaintiff's counsel for not yet filing a motion for class certification. The result herein would be the same even if such a motion had been filed.

[5] By way of example only, nothing has prevented counsel from speaking with individuals that have contacted them after having learned about the pending lawsuit.

contemporaneously herewith.

    **DONE**, this the 5th day of May, 2000.

                                                JOHN E. OTT
                                                UNITED STATES MAGISTRATE JUDGE